Louis N. Orfan, Esq. Locust Valley Central School District
You have asked whether section 2018-a(2)(g) of the Education Law requires or allows a school district to provide absentee ballots to "permanently disabled" persons if the school district has not adopted a resolution under section 2018-a(1) calling for the use of absentee ballots in the election of members of the board of education.
Section 2018-a(1) provides that the board of education of certain school districts "may, by resolution adopted at a regularly scheduled meeting, provide for absentee ballots for the election of members of the board of education only, in accordance with the provisions of this section". The section requires that application be made for an absentee ballot prior to each election indicating that the applicant is a qualified voter and the reason for his inability to vote in person (§ 2018[2][a]). In 1981, subdivision 2(g) was added to section 2018-a, providing that "an applicant whose ability to appear personally at the polling place of the school district * * * is substantially impaired by reason of permanent illness or physical disability and whose registration record has been marked `permanently disabled' by the board of elections pursuant to the provisions of the election law" is entitled, without making separate application, to be sent an absentee ballot by certified mail (L 1981, ch 117). The absentee ballots are sent by the board of registration of the school district upon receipt from the local board of elections, prior to the school district election, of a list of registered voters of the school district indicating those voters whose registration record has been marked "permanently disabled" (Education Law, §2018-a[2][g]; Election Law, §§ 5-612[3] and 8-400[4]).
The purpose of the 1981 amendment was to make provision in section2018-a of the Education Law for permanent absentee voting by the permanently disabled, thus relieving these voters from having to make repetitive applications for absentee ballots and removing an administrative burden from school districts with respect to determining those who are permanently disabled (May 11, 1981 letter with memorandum from the counsel to the Office of the Advocate for the Disabled to the counsel to the Governor in relation to the office's legislative proposal, Assembly 436-A, enacted as chapter 117 of the Laws of 1981).
We believe that the 1981 amendment in no way alters the option that school district boards have under section 2018-a to determine by resolution whether to use absentee ballots in the election of school board members (§ 2018-a[1]). If such a resolution is passed, absentee balloting is to be conducted "in accordance with the provisions of the section" (ibid.). Included in the section are the provisions for absentee balloting by "permanently disabled" persons (§ 2018-a[2][g]). "Permanently disabled" persons are "entitled to receive an absentee ballot pursuant to the provisions of this section" (emphasis supplied) (ibid.). This is further evidence of an intent that subdivision 2(g) does not stand alone, but is part of the statutory framework. It follows that the provisions for absentee balloting by the permanently disabled apply only when the board of education of an appropriate school district adopts a resolution at a regularly scheduled meeting providing for the use of absentee ballots.
We conclude that only upon the adoption by the board of education of certain school districts of a resolution providing for absentee balloting at school board elections are absentee ballots to be sent to "permanently disabled" voters.
We note that section 8-400(1) of the Election Law requires the use of absentee ballots in New York City community school district elections and Buffalo school district elections. Legislative action to create uniformity throughout the State in providing for absentee voting, including automatic ballots for the permanently disabled, would seem to be warranted.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.